**NOT FOR PUBLICATION**

FEB 08 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILOMIR DJURIC,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 10-73087<br><br>Agency No. A071-758-106<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2012
Seattle, Washington

Before:   W. FLETCHER and FISHER, Circuit Judges, and DEARIE, District
Judge.[**]

Milomir Djuric petitions for review of the BIA's denial of his application for

asylum, withholding of removal, and discretionary waiver of entry fraud.  We

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The Honorable Raymond J. Dearie, United States District Judge for the
Eastern District of New York, sitting by designation.

remand for the BIA to consider the humanitarian branch of Djuric's discretionary asylum claim and otherwise deny the petition.

1. The BIA upheld the Immigration Judge's (IJ) denial of withholding of removal by adopting the relevant portion of the IJ's findings and reasoning, so we look to both decisions when assessing Djuric's withholding of removal claim. *See Alaelua v. INS*, 45 F.3d 1379, 1381-82 (9th Cir. 1995); *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The BIA accepted the IJ's finding that Djuric suffered past persecution in Bosnia on the basis of his ethnicity and properly placed the burden on the government to show that Djuric could safely and reasonably relocate within Bosnia. *See* 8 C.F.R. § 1208.16(b)(3)(ii). The agency's conclusion that the government met that burden is supported by substantial evidence. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it . . . ."). Hundreds of thousands of Serbian refugees have returned to Bosnia; Djuric's parents, sister, and parents-in-law, all ethnic Serbs, live in Sepak, Bosnia, without incident; the Sepak area is predominantly ethnically Serbian; and Djuric is an adult male in good health with a variety of employable skills. Thus, the record does not compel a conclusion contrary to that reached by the IJ and BIA. To the extent Djuric argues that he is likely to suffer persecution

2

on a basis other than his ethnicity, the agency properly placed the burden on Djuric to establish a clear probability that his life or freedom would be threatened on such basis if he returns to Bosnia. *See* 8 C.F.R. § 1208.16(b)(1)(iii). The agency's conclusion that he did not meet his burden is supported by substantial evidence.

2. Djuric argues that the BIA's denial of asylum on discretionary grounds constituted an abuse of discretion because it failed to give adequate consideration to the effects of relocation on Djuric's family and it gave undue weight to Djuric's entry fraud. We need not reach the question of whether the BIA abused its discretion; its conclusion in the context of withholding of removal that Djuric can safely and reasonably relocate within Bosnia means that the agency *must* deny asylum on discretionary grounds unless he meets the qualifications for humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii). *See* 8 C.F.R. § 1208.13(b)(1)(i) ("Except as provided in paragraph (b)(1)(iii) of this section . . . an immigration judge, in the exercise of his or her discretion, *shall deny* the asylum application of an alien found to be a refugee on the basis of past persecution if . . . [t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." (emphasis added)). Although the IJ further found that Djuric does not meet the qualifications for humanitarian asylum,

3

the BIA did not reach the issue. Accordingly, we remand to the BIA to consider whether Djuric is entitled to humanitarian asylum under 8 C.F.R. § 1208.13(b)(1)(iii).

3. Djuric argues that the BIA applied the wrong legal standard when upholding the IJ's finding that he does not warrant a discretionary waiver of his entry fraud under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). The BIA weighed Djuric's undesirability as a permanent resident against the social and humane considerations present to determine whether a grant of relief is in the best interests of this country. This was not an incorrect legal standard to apply. *See INS v. Yang*, 519 U.S. 26, 31 (1996) (holding that the waiver statute "in no way limits the considerations that may guide the Attorney General in exercising her discretion to determine who, among those eligible, will be accorded grace"). Because the BIA did not apply an incorrect legal standard, we have no jurisdiction to review its discretionary denial of Djuric's application for waiver of his entry fraud. *See* INA § 242(a)(2)(B)(ii), 8 U.S.C. § 1252(a)(2)(B)(ii).

The parties shall bear their own costs on appeal.

**PETITION GRANTED IN PART, DENIED IN PART AND REMANDED**.

4